FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 29 2024

KEVIN P. WEIMER, Clerk
By: _____ Dep. Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**GLOBAL CIRCULATION, INC.,** and<br><br>**KENNETH REDON III**, in his individual and corporate capacity,<br><br>Defendants. | Civil Action No.<br><br>**1 : 2 4 -CV- 4 9 2 7**<br><br>**COMPLAINT FOR PERMANENT INJUNCTION AND OTHER RELIEF** |

Plaintiff, the Federal Trade Commission ("FTC"), for its Complaint alleges:

1. The FTC brings this action for Defendants' violations of Section 5(a) of the

   FTC Act, 15 U.S.C. § 45(a), the Fair Debt Collection Practices Act ("FDCPA"),

   15 U.S.C. §§ 1692-1692p, and its associated Regulation F, 12 C.F.R. Part 1006,

   and Section 521 of the Gramm-Leach-Bliley Act ("GLB Act"), 15 U.S.C. §

   6821.  Defendants' violations relate to their deceptive and abusive debt

   collection practices, including attempts to harass consumers into paying debts

   that they do not actually owe.  For these violations, the FTC seeks relief,

   including temporary, preliminary, and permanent injunctive relief, monetary

   relief, and other relief, including an asset freeze, appointment of a receiver, and

   immediate access to Defendants' business premises, pursuant to Sections 13(b)

and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, Section 814(a) of the

FDCPA, 15 U.S.C. § 1692*l*(a), Section 5581(b)(5)(C)(ii) of the Consumer

Financial Protection Act ("CFP Act"), 12 U.S.C. § 5581(b)(5)(C)(ii), and

Section 522(a) of the GLB Act, 15 U.S.C. § 6822(a).

## SUMMARY OF CASE

2. Defendants' debt collection business is founded on false claims that consumers

   owe debts and will face dire consequences—including lawsuits, garnishment,

   even arrest—if the purported debt is not paid.  Defendants illegally contact third

   parties (such as consumers' relatives), and fail to provide statutorily required

   disclaimers and notices.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331,

   1337(a), and 1345.

4. Venue is proper in this District under 28 U.S.C. § 1391(b)(1), (b)(2), (c)(1), and

   (c)(2), and 15 U.S.C. § 53(b).

## PLAINTIFF

5. The FTC is an independent agency of the United States Government created by

   the FTC Act, which authorizes the FTC to commence this district court civil

   action by its own attorneys.  15 U.S.C. §§ 41-58.  The FTC enforces Section

   5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts

or practices in or affecting commerce.  The FTC also enforces the FDCPA, 15

U.S.C. §§ 1692-1692p, and its associated Regulation F, 12 C.F.R. Part 1006,

which prohibit abusive, deceptive, and unfair debt collection practices and

impose duties upon debt collectors.  The FTC also enforces Section 521 of the

GLB Act, 15 U.S.C. § 6821, which prohibits any person from obtaining or

attempting to obtain customer information of a financial institution relating to

another person by making a false, fictitious, or fraudulent statement or

representation to a customer of a financial institution.

## DEFENDANTS

6. Defendant **Global Circulation, Inc.** is an Ohio corporation with a principal

place of business of 3009 Rainbow Drive, Suite 141, Decatur, Georgia.  It is

also registered as foreign corporation in Georgia.  It has also used addresses of

260 Peachtree Street NW, Atlanta, Georgia, 1415 Highway 85 N, Suite 310-

384, Fayetteville, Georgia, and 4629 S. Lyn Circle, South Euclid, Ohio.  Global

Circulation also does business as Consumer Impact Recovery, Total Consumer

Solutions, and Total Mediation Solutions, although none of those names are

registered with either the Ohio Secretary of State or the Clerks of the Superior

Courts of DeKalb or Fayette Counties, Georgia as fictitious business names.  At

all times material to this Complaint, acting alone or in concert with others,

Global Circulation has engaged in the collection or the attempted collection of

3

debts from consumers throughout the United States.  Global Circulation

transacts or has transacted business in this District and throughout the United

States.

7.  Defendant **Kenneth Redon III**, is or was an owner, officer, director, or

manager of Global Circulation, in particular he is the sole owner, president and

chief executive officer.  He is the authorized signatory on Defendants' bank

accounts and merchant accounts.  He established and manages Defendants'

customer relations management database, which Defendants use to track

communications with consumers.  He controls Defendants' payroll.  In addition,

he has entered into contracts, on behalf of Global Circulation, for the purchase

and sale of purported debt portfolios.  At all times material to this Complaint,

acting alone or in concert with others, he has formulated, directed, controlled,

had the authority to control, or participated in the acts and practices set forth in

this Complaint.  Defendant Redon resides in this District and, in connection

with the matters alleged herein, transacts or has transacted business in this

District and throughout the United States.

## COMMERCE

8.  At all times relevant to this Complaint, Defendants have maintained a

substantial course of trade in or affecting commerce, as "commerce" is defined

in Section 4 of the FTC Act, 15 U.S.C. § 44.

**DEFENDANTS' DECEPTIVE AND ABUSIVE COLLECTION PRACTICES**

9.  Defendants engage in a scheme to collect and process payments for debts that consumers do not actually owe or that Defendants do not have authority to collect. Their scheme is predicated on convincing consumers that a lawsuit or other legal action has been, or will soon be, filed against them and will result in dire consequences unless consumers pay Defendants promptly.

10. In furtherance of the scheme, Defendants routinely call consumers, often multiple times a week and multiple times per day, including more than seven times in seven consecutive days. In many instances, if consumers do not answer the call, Defendants leave voicemails for the consumers. The voicemails typically ask the consumer to call Defendants back regarding an important legal matter. In their voicemails, Defendants do not disclose they are debt collectors calling about a debt.

11. In some instances, Defendants send consumers emails stating a legal action is about to be filed against the consumer unless they call Defendants at the telephone number listed in the email. The emails typically do not state they are from a debt collector.

12. In numerous instances, in addition to the consumer, Defendants contact consumers' family members. In numerous instances, Defendants tell these family members that the consumer needs to contact Defendants as soon as

5

possible or that legal action may be taken against the consumer. In many instances, Defendants tell family members they are calling about a legal matter involving the consumer. In some instances, Defendants tell family members they are calling about a debt owed by the consumer. In many instances, Defendants continue to call consumers' family members even after they have already located the consumers who purportedly owe the debts.

13. In numerous instances, in Defendants' initial call with consumers, Defendants' collectors fail to disclose they are debt collectors attempting to collect a debt and that any information obtained will be used for that purpose. Instead, in numerous instances, Defendants' collectors falsely represent that they are representatives of a mediation company. For example, Defendants' collectors have identified themselves as Total Mediation Solutions. Defendants' collectors have also identified themselves as Total Consumer Solutions and Consumer Impact Recovery.

14. In numerous instances, Defendants' collectors inform consumers that they owe money on an outstanding payday loan or other debt. In many instances, Defendants' collectors possess, or claim to possess, consumers' private information, such as Social Security numbers, credit card or bank account numbers, or names and contact information of relatives, convincing consumers

6

that the calls are legitimate collection efforts and that consumers must pay the purportedly delinquent debts.

15. In numerous instances, Defendants' collectors state that legal action is pending or will be taken shortly against the consumer if they do not pay the debt. For example, Defendants have told consumers that they will be taken to court to have their wages garnished or their assets seized. In numerous instances, Defendants' collectors advise consumers that they can avoid legal action by making a payment over the telephone via the consumer's credit or debit card.

16. In numerous instances, to coerce consumers into paying the purported debts, Defendants' collectors threaten consumers with arrest or criminal action if they fail to pay the alleged debt immediately. For example, Defendants have told consumers that there was a warrant for their arrest or that they would be charged with bank fraud or passing bad checks.

17. In fact, in numerous instances when Defendants threaten consumers with legal action, Defendants do not have authority to take any such legal action. Defendants also cannot have consumers arrested for non-payment of a private debt.

18. Moreover, in numerous instances, consumers do not owe the purported debt or Defendants are not authorized to collect on the debt. In fact, in many instances when consumers contact the purported creditors, they discover either that they

never had any debts with those creditors or that their debts had already been
paid.

19. In numerous instances, in subsequent communications with consumers,
Defendants' collectors fail to disclose that they are debt collectors.

20. In numerous instances, Defendants fail to provide consumers, either orally in
their initial communication with the consumer or in writing within five days
after the initial oral communication, a notice containing (1) the amount of the
debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that
unless the consumer disputes the debt, the debt will be assumed valid; (4) a
statement that if the consumer disputes all or part of the debt in writing within
30 days, Defendants will obtain verification of the debt and mail it to the
consumer; and (5) a statement that, upon the consumer's written request within
the 30-day period, the debt collector will provide the name and address of the
original creditor, if different from the current creditor.

21. Many consumers pay the alleged debts that Defendants purport to be collecting
because they are afraid of the threatened repercussions of failing to pay,
because they believe Defendants are legitimate and are collecting real
delinquent debt, or because they want to stop the harassment. Generally,
consumers make these payments using a credit card, debit card, or electronic
transfer from their bank account.

22. Since at least 2021, Defendants have collected over $4.5 million from consumers through their unlawful debt collection scheme.

### Ongoing Nature of Defendants' Unlawful Practices

23. Based on the facts and violations of law alleged in this Complaint, the FTC has reason to believe that Defendants are violating or are about to violate laws enforced by the FTC.

### VIOLATIONS OF THE FTC ACT

24. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

25. Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

### COUNT I
### False or Unsubstantiated Representations That Consumers Owe Debts

26. In numerous instances, in connection with the collection of alleged debts, Defendants represent, directly or indirectly, expressly or by implication, that:

a. The consumer is delinquent on a payday loan or other debt that Defendants have the authority to collect; or

b. The consumer has a legal obligation to pay Defendants.

27. In numerous instances, the representations set forth in Paragraph 26 are false or misleading or were not substantiated at the time the representations were made.

28. Therefore, Defendants' representations as set forth in Paragraph 26 constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT II
### False or Misleading Representations Regarding Legal Action

29. In numerous instances, in connection with the collection of alleged debts, Defendants represent, directly or indirectly, expressly or by implication, that:

   a. The consumer will be arrested or imprisoned for failing to pay Defendants; and

   b. Defendants have taken, intend to take, or have authority to take formal legal action against a consumer who fails to pay, such as filing suit.

30. In fact, in numerous instances in which Defendants make the representations set forth in Paragraph 29 of this Complaint:

   a. The consumer will not be arrested or imprisoned for failing to pay Defendants; and

   b. Defendants have not taken, do not intend to take, or do not have authority to take formal legal action against a consumer who fails to pay, such as filing suit.

31. Therefore, Defendants' representations as set forth in Paragraph 29 are false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## VIOLATIONS OF THE FDCPA AND REGULATION F

32. In 1977, Congress passed the FDCPA, 15 U.S.C. §§ 1692-1692p, which
    became effective on March 20, 1978, and has been in force since that date. The
    purpose of the FDCPA, according to Congress, is "to eliminate abusive debt
    collection practices by debt collectors, to insure that those debt collectors who
    refrain from using abusive debt collection practices are not competitively
    disadvantaged, and to promote consistent State action to protect consumers
    against debt collection abuses." 15 U.S.C. § 1692(e).

33. The Consumer Financial Protection Bureau ("CFPB") promulgated Regulation
    F, 12 C.F.R. Part 1006, pursuant to Sections 814(d) and 817 of the FDCPA, 15
    U.S.C. §§ 1692*l*(d) and 1692o, and Sections 5512, 5514(b), and 5532 of the
    CFP Act, 12 U.S.C. §§ 5512, 5514(b), and 5532, and became effective on
    November 30, 2021, and has been in force since that date. The purpose of
    Regulation F is to "carr[y] out the purposes of the FDCPA, which include
    eliminating abusive debt collection practices by debt collectors, ensuring that
    debt collectors who refrain from using abusive debt collection practices are not
    competitively disadvantaged, and promoting consistent State action to protect
    consumers against debt collection abuses." 12 C.F.R. § 1006.1(b).

34. Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), defines "consumer" to
    mean "any natural person obligated or allegedly obligated to pay any debt."

Section 1006.2(e) of Regulation F, 12 C.F.R. § 1006.2(e), similarly defines "consumer" to mean "any natural person, whether living or deceased, obligated or allegedly obligated to pay any debt."

35. Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5), and Section 1006.2(h) of Regulation F, 12 C.F.R. § 1006.2(h), define "debt" to mean "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

36. Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6), and Section 1006.2(i)(1) of Regulation F, 12 C.F.R. § 1006.2(i)(1), define "debt collector" to mean "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.  For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of

interstate commerce or the mails in any business the principal purpose of which

is the enforcement of security interests. The term does not include—(A) any

officer or employee of a creditor while, in the name of the creditor, collecting

debts for such creditor; (B) any person while acting as a debt collector for

another person, both of whom are related by common ownership or affiliated by

corporate control, if the person acting as a debt collector does so only for

persons to whom it is so related or affiliated and if the principal business of

such person is not the collection of debts; (C) any officer or employee of the

United States or any State to the extent that collecting or attempting to collect

any debt is in the performance of his official duties; (D) any person while

serving or attempting to serve legal process on any other person in connection

with the judicial enforcement of any debt; (E) any nonprofit organization

which, at the request of consumers, performs bona fide consumer credit

counseling and assists consumers in the liquidation of their debts by receiving

payments from such consumers and distributing such amounts to creditors; and

(F) any person collecting or attempting to collect any debt owed or due or

asserted to be owed or due another to the extent such activity (i) is incidental to

a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii)

concerns a debt which was originated by such person; (iii) concerns a debt

which was not in default at the time it was obtained by such person; or (iv)

concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor."

37. Defendants are "debt collectors" collecting "debts" from "consumers."

38. Section 805(b) of the FDCAP, 15 U.S.C. § 1692c(b), and Section 1006.6(d) of Regulation F, 12 C.F.R. § 1006.6(d), prohibit debt collectors from communicating with persons other than the consumer, the consumer's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, the attorney of the debt collector, the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator for purposes other than acquiring location information about a consumer, without having obtained directly the prior consent of the consumer or the express permission of a court of competent jurisdiction, and when not reasonably necessary to effectuate a post-judgment judicial remedy.

39. Section 806 of the FDCPA, 15 U.S.C. § 1692d, and Section 1006.14(a) of Regulation F, 12 C.F.R. § 1006.14(a), prohibit debt collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  Without limiting the general application of the foregoing, the following conduct is a violation of Section 806 of the FDCPA and Section 1006.14(a) of Regulation F:  (1) causing a telephone to ring or engaging any person in telephone conversation repeatedly

14

or continuously with intent to annoy, abuse, or harass any person at the called number, 15 U.S.C. § 1692d(5) and 12 C.F.R. § 1006.14(b), and (2) the placement of telephone calls without meaningful disclosure of the caller's identity.  15 U.S.C. § 1692d(6) and 12 C.F.R. § 1006.14(g).

40. Section 807 of the FDCPA, 15 U.S.C. § 1692e, and Section 1006.18(a) of Regulation F, 12 C.F.R. § 1006.18(a), prohibit debt collectors from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Without limiting the general application of the foregoing, the following conduct is a violation of Section 807 of the FDCPA and Section 1006.18(a) of Regulation F:  (1) the false representation of the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(A) and 12 C.F.R. 1006.18(b)(2)(i); (2) the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action, 15 U.S.C. § 1692e(4) and 12 C.F.R. § 1006.18(b)(3); (3) the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5) and 12 C.F.R. § 1006.18(c)(1); (4) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10) and 12

15

C.F.R. § 1006.18(d); (5) the failure to disclose in the initial written

communication with the consumer and, in addition, if the initial communication

with the consumer is oral, in that initial oral communication, that the debt

collector is attempting to collect a debt and that any information obtained will

be used for that purpose, and the failure to disclose in subsequent

communications that the communication is from a debt collector, except that

this paragraph shall not apply to a formal pleading made in connection with a

legal action, 15 U.S.C. § 1692e(11) and 12 C.F.R. § 1006.18(e); and (6) the use

of any business, company, or organization name other than the true name of the

debt collector's business, company, or organization.  15 U.S.C. § 1692e(14) and

12 C.F.R. § 1006.18(c)(4).

41. Section 809 of the FDCPA, 15 U.S.C. § 1692g, and Section 1006.34 of

Regulation F, 12 C.F.R. § 1006.34, require that, within five days after the initial

communication with a consumer in connection with the collection of any debt, a

debt collector shall, unless the following information is contained in the initial

communication or the consumer has paid the debt, send the consumer a written

notice containing—(1) the amount of the debt; (2) the name of the creditor to

whom the debt is owed; (3) a statement that unless the consumer, within thirty

days after receipt of the notice, disputes the validity of the debt, or any portion

thereof, the debt will be assumed to be valid by the debt collector; (4) a

statement that if the consumer notifies the debt collector in writing within the

thirty-day period that the debt, or any portion thereof, is disputed, the debt

collector will obtain verification of the debt or a copy of a judgment against the

consumer and a copy of such verification or judgment will be mailed to the

consumer by the debt collector; and (5) a statement that, upon the consumer's

written request within the thirty-day period, the debt collector will provide the

consumer with the name and address of the original creditor, if different from

the current creditor.

42. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), a violation of

the FDCPA is deemed an unfair or deceptive act or practice in violation of the

FTC Act.  Section 814(a) of the FDCPA further provides that all of the

functions and powers of the FTC under the FTC Act are available to the FTC to

enforce compliance by any person with the FDCPA, including the power to

enforce the provisions of the FDCPA in the same manner as if the violation had

been a violation of an FTC trade regulation rule.

43. Pursuant to Section 5581(b)(5)(C)(ii) of the CFP Act, 12 U.S.C. §

5581(b)(5)(C)(ii), the FTC has the authority to enforce under the FTC Act any

rule prescribed by the CFPB with respect to a covered person subject to the

jurisdiction of the FTC under the FTC Act, and a violation of such a rule by

such a person shall be treated as a violation of a rule issued under section 18 of the FTC Act with respect to unfair or deceptive acts or practices.

44. Section 19(a)(1) of the FTC Act, 15 U.S.C. § 57b(a)(1), provides that the FTC may commence a civil action against "any person, partnership, or corporation" who "violates any rule . . . respecting unfair or deceptive acts or practices." Section 19(b) of the FTC Act, 15 U.S.C. § 57b(b), provides that in any action commenced under Section 19(a)(1), the court "shall have jurisdiction to grant such relief as the court finds necessary to redress injury to consumers . . . Such relief may include, but shall not be limited to, rescission or reformation of contracts, [and] the refund of money or return of property . . . ."

## COUNT III
## Unlawful Third-Party Communications

45. In numerous instances, in connection with the collection of debts, Defendants have communicated with persons other than the consumer, the consumer's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, the attorney of the debt collector, the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator for purposes other than acquiring location information about a consumer, without having obtained directly the prior consent of the consumer or the express permission of a court of competent jurisdiction, and when not reasonably necessary to effectuate a post-judgment judicial remedy.

46. Therefore, Defendants' acts or practices as set forth in Paragraph 45 violate Section 805(b) of the FDCPA, 15 U.S.C. § 1692c(b), and Section 1006.6(d) of Regulation F, 12 C.F.R. § 1006.6(d).

## COUNT IV
### Calling Repeatedly or Continuously to Annoy, Abuse, or Harass

47. In numerous instances, in connection with the collection of debts, Defendants engage in conduct the natural consequence of which is to harass, oppress, or abuse consumers, including, but not limited to, by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

48. Therefore, Defendants' acts or practices as set forth in Paragraph 47 violate Section 806(5) of the FDCPA, 15 U.S.C. § 1692d(5), and Section 1006.14(b) of Regulation F, 12 C.F.R. § 1006.14(b).

## COUNT V
### Calling Without Meaningful Disclosure of Identity

49. In numerous instances, in connection with the collection of debts, Defendants engage in conduct the natural consequence of which is to harass, oppress, or abuse consumers, including, but not limited to, by placing telephone calls without meaningful disclosure of the caller's identity.

50. Therefore, Defendants' acts or practices as set forth in Paragraph 49 violate Section 806(6) of the FDCPA, 15 U.S.C. § 1692d(6), and Section 1006.14(g) of Regulation F, 12 C.F.R. § 1006.14(g).

## COUNT VI
**False or Misleading Representations—False Claims as to Nature of Debt**

51. In numerous instances, in connection with the collection of debts, Defendants use false, deceptive, or misleading representations or means, including, but not limited to, falsely representing the character, amount, or legal status of any debt.

52. Therefore, Defendants' acts or practices as set forth in Paragraph 51 violate Section 807(2)(A) of the FDCPA, 15 U.S.C. § 1692e(2)(A), and Section 100618(b)(2)(i) of Regulation F, 12 C.F.R. 1006.18(b)(2)(i).

## COUNT VII
**False or Misleading Representations—False Claims as to Arrest**

53. In numerous instances, in connection with the collection of debts, Defendants use false, deceptive, or misleading representations or means, including, but not limited to, falsely representing or implying that nonpayment of a debt will result in the arrest or imprisonment of a person, when such action is not lawful or when the Defendants have no intention of taking such action.

54. Therefore, Defendants' acts or practices as set forth in Paragraph 53 violate Section 807(4) of the FDCPA, 15 U.S.C. § 1692e(4), and Section 1006.18(b)(3) of Regulation F, 12 C.F.R. § 1006.18(b)(3).

## COUNT VIII
### False or Misleading Representations—False Claims as to Legal Action

55. In numerous instances, in connection with the collection of debts, Defendants use false, deceptive, or misleading representations or means including, but not limited to, threatening to take action that is not lawful or the Defendants do not intend to take, such as filing a lawsuit.

56. Therefore, Defendants' acts or practices as set forth in Paragraph 55 violate Section 807(5) of the FDCPA, 15 U.S.C. § 1692e(5), and Section 1006.18(c)(1) of Regulation F, 12 C.F.R. § 1006.18(c)(1).

## COUNT IX
### False or Misleading Representations—Using False Representations

57. In numerous instances, in connection with the collection of debts, Defendants use false, deceptive, or misleading representations or means, including, but not limited to, using false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.

58. Therefore, Defendants' acts or practices as set forth in Paragraph 57 violate Section 807(10) of the FDCPA, 15 U.S.C. § 1692e(10), and Section 1006.18(d) of Regulation F, 12 C.F.R. § 1006.18(d).

## COUNT X
### False or Misleading Representations—Failure to Provide Required Disclosures

59. In numerous instances, in connection with the collection of debts, Defendants use false, deceptive, or misleading representations or means, including, but not limited to, failing to disclose (1) in the initial oral communication with consumers that Defendants are debt collectors attempting to collect a debt and that any information obtained by Defendants from consumers will be used for the purpose of attempting to collect a debt and (2) in subsequent communications with consumers that Defendants are debt collectors.

60. Therefore, Defendants' acts or practices as set forth in Paragraph 59 violate Section 807(11) of the FDCPA, 15 U.S.C. § 692e(11), and Section 1006.18(e) of Regulation F, 12 C.F.R. § 1006.18(e).

## COUNT XI
### False or Misleading Representations—False Claims as to Name

61. In numerous instances, in connection with the collection of debts, Defendants use false, deceptive, or misleading representations or means, including, but not limited to, using any business, company, or organization name other than the true name of Defendants' business, company, or organization.

62. Therefore, Defendants' acts or practices as set forth in Paragraph 61 violate Section 807(14) of the FDCPA, 15 U.S.C. § 1692e(14), and Section 1006.18(c)(4) of Regulation F, 12 C.F.R. § 1006.18(c)(4).

22

## COUNT XII
### Failure to Provide a Validation Notice

63. In numerous instances, in connection with the collection of debts, Defendants fail to send consumers, within five days after the initial communication with consumers, a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Defendants; (4) a statement that if the consumer notifies Defendants in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by Defendants; and (5) a statement that, upon the consumer's written request within the thirty-day period, Defendants will provide the consumer with the name and address of the original creditor, if different from the current creditor.

64. Therefore, Defendants' acts or practices as set forth in Paragraph 63 violate Section 809(a) of the FDCPA, 15 U.S.C. § 1692g(a), and Section 1006.34 of Regulation F, 12 C.F.R. § 1006.34.

## VIOLATIONS OF THE GRAMM-LEACH-BLILEY ACT

65. Section 521 of the GLB Act, 15 U.S.C. § 6821, became effective on November

12, 1999, and remains in full force and effect.  Section 521(a) of the GLB Act,

15 U.S.C. § 6821(a), prohibits any person from "obtain[ing] or attempt[ing] to

obtain . . . customer information of a financial institution relating to another

person . . . by making a false, fictitious, or fraudulent statement or

representation to a customer of a financial institution."

66. The GLB Act defines "customer" to mean "with respect to a financial

institution, any person (or authorized representative of a person) to whom the

financial institution provides a product or service, including that of acting as a

fiduciary."  15 U.S.C. § 6827(1).  The GLB Act defines "customer information

of a financial institution" as "any information maintained by or for a financial

institution which is derived from the relationship between the financial

institution and a customer of the financial institution and is identified with the

customer."  15 U.C.C. § 6827(2).  The GLB Act defines "financial institution"

to include "any institution engaged in the business of providing financial

services to customers who maintain a credit, deposit, trust, or other financial

account or relationship with the institution."  15 U.S.C. § 6827(4)(A).

67. Section 522(a) of the GLB Act, 15 U.S.C. § 6822(a), empowers the FTC to

enforce Section 521 of the GLB Act "in the same manner and with the same

power and authority as the [FTC] has under the Fair Debt Collection Practices Act . . . to enforce compliance with such Act." Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), a violation of the FDCPA is deemed an unfair or deceptive act or practice in violation of the FTC Act. Section 814(a) of the FDCPA further provides that all of the functions and powers of the FTC under the FTC Act are available to the FTC to enforce compliance by any person with the FDCPA, including the power to enforce the provisions of the FDCPA in the same manner as if the violation had been a violation of an FTC trade regulation rule. Section 19(a)(1) of the FTC Act, 15 U.S.C. § 57b(a)(1), provides that the FTC may commence a civil action against "any person, partnership, or corporation" who "violates any rule . . . respecting unfair or deceptive acts or practices." Section 19(b) of the FTC Act, 15 U.S.C. § 57b(b), provides that in any action commenced under Section 19(a)(1), the court "shall have jurisdiction to grant such relief as the court finds necessary to redress injury to consumers . . . Such relief may include, but shall not be limited to, rescission or reformation of contracts, [and] the refund of money or return of property . . . ."

## COUNT XIII
### Use of False Statements to Obtain Customer Information

68.In numerous instances in connection with the collection or attempted collection of alleged debts, Defendants have made false, fictitious, or fraudulent

statements or representations to customers of financial institutions to obtain or

attempt to obtain customer information of a financial institution, such as credit

or debit card numbers, bank account numbers, and routing numbers, including

by representing, directly or indirectly, expressly or by implication, that

consumers are delinquent on a payday loan or other debt that Defendants have

the authority to collect; that consumers have a legal obligation to pay

Defendants; that consumers will be arrested or imprisoned for failing to pay

Defendants; that Defendants have taken, intend to take, or have authority to

take formal legal action against a consumer who fails to pay, such as filing suit;

and/or that consumers have committed a crime.

69. Therefore, Defendants' acts or practices as set forth in Paragraph 68 violate

Section 521(a) of the GLB Act, 15 U.S.C. § 6821(a).

## CONSUMER INJURY

70. Consumers are suffering, have suffered, and will continue to suffer substantial

injury as a result of Defendants' violations of the FTC Act, the FDCPA,

Regulation F, and the GLB Act.  Absent injunctive relief by this Court,

Defendants are likely to continue to injure consumers and harm the public

interest.

## PRAYER FOR RELIEF

Wherefore, the FTC requests that the Court:

A. Enter a permanent injunction to prevent future violations of the FTC Act, the FDCPA, Regulation F, and the GLB Act;

B. Grant preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including temporary and preliminary injunctions, an order freezing assets, immediate access to Defendants' business premises, and appointment of a receiver;

C. Award monetary and other relief within the Court's power to grant; and

D. Award any additional relief as the Court determines to be just and proper.

Dated:  October 28, 2024                  Respectfully submitted,


GREGORY A. ASHE
(Va. Bar No. 39131)
SARAH T. ABUTALEB
(DC Bar No. 1779979)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
Telephone: 202-326-3719 (Ashe)
Telephone: 202-326-2583 (Abutaleb)
Facsimile: 202-326-3768
Email: gashe@ftc.gov, sabutaleb@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

28